UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN ROUSE (A.K.A.) ABDUR RASHID KHALIF,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS *et al*.,

    Defendants,

Case No. C08-5620FDB

REPORT AND RECOMMENDATION

**NOTED FOR**:
**April 10, 2009**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion to dismiss (Dkt. # 21). Plaintiff did not respond to the motion and instead filed a motion for an extension of time to respond and a motion for leave to file an amended complaint raising a retaliation claim against a person or persons not named in the original complaint (Dkt. # 23 and 24). Those motions have been denied by separate order. Having reviewed the file the court recommends the Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**.

REPORT AND RECOMMENDATION
Page - 1

FACTS

Plaintiff alleges that in 1997, he legally changed his name from Calvin Rouse to Abdur Rashid Khalif (Dkt. # 4, complaint page 3). The name change occurred in New Jersey. In 1999, plaintiff alleges he moved to Washington State. In 2001, plaintiff was arrested on a criminal charge. Finger print analysis was matched to the name Calvin Rouse. Apparently plaintiff's finger prints were on file with a data base used by law enforcement. Plaintiff was charged and convicted under the name Calvin Rouse. (Dkt. # 4, complaint page 3).

Plaintiff refers to the name Calvin Rouse as a "deceased name." Plaintiff is informed that the name Calvin Rouse is an alias. "Names," do not become deceased.

Plaintiff alleges he petitioned the Superior Court in Pierce County and filed a motion to modify his Judgment and Sentence so the Judgment and Sentence would reflect his legal name, Abdur Rashid Khalif. Plaintiff alleges he never received a response (Dkt. # 4, complaint page 3). The Pierce County Superior Court is not a named defendant in this action.

Plaintiff brings this action and alleges he has had trouble with incoming and outgoing mail including legal mail. He does not provide any details. He alleges that unnamed prison officials make copies of his outgoing mail. He also alleges that unnamed prison officials have "denied him his identity" by not issuing him a prison identification badge in his new legal name. (Dkt. # 4, complaint page 3). Plaintiff alleges the actions of prison officials have been driven by DOC policy 400.280.

Plaintiff names as defendants the Department of Corrections, (DOC), the Secretary of the DOC, Eldon Vail, the Superintendent of the Mc Neil Island Corrections Center, Ron Van Boening, and a Custody Unit Supervisor, D. Tabbs. The complaint is devoid of facts showing what, if any, part any of these defendants played in the issues raised in the complaint. The court notes that department policy would need the approval of the Secretary.

In the relief section of the complaint plaintiff asks:

> For injunctive relief as well as nominal damages. Injunction prohibiting the defendants to stop opening legal mail outside of my presence rejecting incoming/outgoing correspondence in my legal name, Abdur Rashid Khalif. Stop spying making copies of outgoing mail, stop infringing on my religious beliefs, and to issue an I.D. badge in my legal name Abdur Rashid Khalif.

(Dkt. # 4 complaint page 6). The complaint is 6 pages long with 13 pages of exhibits. The exhibits are not

| | |
|---|---|
| 1 | referenced in the complaint.  The court notes part of the exhibits includes portions of DOC policy 400.280. |
| 2 | This copy of the policy was signed by former Secretary of the DOC Joseph Lehman. |
| 3 | Defendants move to dismiss and argue: |
| 4 | 1. Failure to state a claim based on lack of personal participation (Dkt. # 21, page 3 and 4). |
| 5 | 2. The DOC is not a person (Dkt. # 21, page 5). |
| 6 | 3. The DOC and defendant Vail enjoy Eleventh Amendment Immunity (Dkt. # 21, page 5). |

## STANDARD OF REVIEW

Fed. R. Civ. P. 12 motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965.  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

## DISCUSSION

A. <u>Persons for the purpose of 42 U.S.C. § 1983 and the Eleventh Amendment</u>.

The court addresses the second and third arguments in the Motion to Dismiss first.  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a **person** acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Neither states nor state officials acting in their official capacities are persons for purposes of 42

U.S.C. § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 48, 71 (1989). This rule applies equally to state agencies. See <u>Kaimowitz v. Board of Trustees of the Univ. of Ill.</u>, 951 F.2d 765, 767 (7th Cir. 1991); <u>Johnson v. Rodriguez</u>, 943 F.2d 104, 108 (1st Cir. 1991). Because it is not a person within the meaning of 42 U.S.C. § 1983, plaintiff has not stated a claim against the DOC.

Plaintiff's claim against the state agency is also barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. See <u>Seminole Tribe of Florida v. Florida</u>, 116 S.Ct. 1114, 1131 (1996); <u>Natural Resources Defense Council v. California Dep't of Transportation</u>, 96 F.3d 420, 421 (9th Cir. 1996). Eleventh Amendment immunity extends to state agencies. <u>Pennhurst State Sch. & Hosp. v. Holdeman</u>, 465 U.S. 89, 101-102(1984). Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C. § 1983. <u>Quern v. Jordan</u>, 440 U.S. 332 (1979). Washington has not waived the protection of the Eleventh Amendment. <u>Edgar v. State</u>, 92 Wn.2d 217 (1979). The DOC is entitled to **DISMISSAL WITH PREJUDICE**.

Mr. Vail, however, is not entitled to dismissal under the Eleventh Amendment. The court has often noted there are differences between an action seeking damages and an action seeking injunctive relief. Damages must be sought against a person in their individual capacity. However, injunctive relief must be sought against a person in their official capacity. The Eleventh Amendment does not prevent prospective injunctive relief. <u>See</u>, <u>Edelman v. Jordan</u>, 415 U.S. 651, 677 (1974). Here, a DOC policy is being challenged. The policy would need the approval of the Secretary of the DOC. The motion to dismiss Mr. Vail under the Eleventh Amendment should be **DENIED.**

B.   <u>Personal participation</u>.

The remaining argument is that all defendants are entitled to dismissal for lack of personal participation. Again, the difference between an action seeking damages and an action seeking injunctive relief becomes important and defendants paint with too broad a brush. In <u>Leer v. Murphy</u>, the honorable Judge Wallace stated:

> In analyzing this relationship between deliberate indifference and the constitutional deprivation, we believe it is important to distinguish the causal connection required when a plaintiff seeks injunctive or declaratory relief as opposed to damages. When a prisoner seeks injunctive or declaratory relief against a myriad of prison personnel responsible for operating a prison, we focus on whether the combined acts or omissions of the state officials responsible for operating the state's penal system created living conditions that

> violate the eighth amendment. *See Williams*, 689 F.2d at 1383. The approach undeniably focuses on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have caused the constitutional deprivation. *Id*. at 1381; see *Rizzo*, 423 U.S. at 370-71, 375-77, 96 S.Ct. at 603-04, 606-07. However, the causal link between the deliberate indifference and the eighth amendment deprivation is broader and more generalized than when that same prisoner seeks damages for the harmful effects of such conditions. *See Williams*, 689 F.2d at 1383-84 (contrasting the "broad and generalized" approach to causation in a suit seeking injunctive relief with the "individualized" inquiry applicable to suits seeking damages from individual prison officials).

Leer v. Murphy, 844 Fd.2d 628, 633-634 (9th Cir. 1988). Defendants seem to be applying the individualized damages standard to an action seeking injunctive relief. The proper inquiry is whether the combined acts or omissions of state prison personnel violated plaintiffs First Amendment rights as outlined in the complaint.

In the complaint the plaintiff alleges all defendants acted pursuant to DOC policy 400.280 (Dkt. # 4, complaint, page 4). As noted above, the proper defendant for injunctive relief regarding the implementation of a DOC policy would be the Secretary of the DOC, Eldon Vail in his official capacity.

The court now considers the damage claim. Plaintiff states in his complaint he seeks nominal damages (Dkt # 4, page 6). He has not pled any facts showing what acts or omissions he attributes to any named defendant. Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974 All Defendants are entitled to **DISMISSAL WITH PREJUDICE** of the nominal damage claim.

## CONCLUSION

The DOC is entitled to **DISMISSAL WITH PREJUDICE** as state agencies are not persons for purposes of the Civil Rights Act. Further, the Eleventh Amendment prohibits an action against the agency itself.

Eldon Wail is the proper defendant for the injunctive relief requested. The motion to dismiss him under the Eleventh Amendment should be **DENIED.**

Plaintiff has failed to state a claim for nominal damages against any defendant as plaintiff failed to

allege facts showing how any individually named defendant violated his rights. All defendants are entitled to **DISMISSAL WITH PREJUDICE** of the nominal damages claim.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 10, 2009,** as noted in the caption.

DATED this 11th day of March, 2009.

    */s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge