UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN ROUSE AKA ABDUR RASHID KHALIF,<br><br>       Plaintiff,<br><br>  v.<br><br>ELDON VAIL,<br><br>       Defendant. | No. 08-5620FDB/JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>April 2, 2010 |

  This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4 (Dkt. # 4).

  Defendants have moved for summary judgment, (Dkt. #54), and plaintiff filed a motion for a temporary restraining order five days later regarding an alleged failure to receive access to a law library (Dkt. # 55).

  This Report and Recommendation addresses only the motion for a restraining order. The court recommends the motion be denied because the incidents he complains of do not relate to any named defendant or any issue in this litigation.

Report and Recommendation- 1

## FACTS

The only remaining defendant is Eldon Vail in his official capacity. Damage claims have been dismissed and the only remaining claim is for injunctive relief. The only remaining claim is that application of DOC policy 400.280 is denying plaintiff his religious freedom as guaranteed by the First Amendment because prison officials allegedly reject mail that is not in his committed name, have opened legal mail outside his presence, and because prison officials refuse to place his legal name on his prison identification badge (Dkt. # 38).

Plaintiff asks the court to enter a temporary restraining order because he argues that two Washington State Penitentiary officers denied him access to courts when they would not let him use the facility's law library. The exhibits to plaintiff's motion show that on December 30, 2009, plaintiff approached movement control to his unit prior to movement for the law library being called. He was informed that movement had not been called, but rather than returning to his cell and waiting for the call he went to into the day room. By policy, once an inmate enters the day room he may only leave on the next hourly gate. Therefore, plaintiff missed the library callout (Dkt. # 55, page 6).

Plaintiff also complains of prison lockdowns in November and December and other unspecified occasions where he has not been able to go to the law library because of "schedules, holidays, fights, staff tardiness, or vacations without coverage." But, he provides no details and does not show he has missed any court deadline.

## STANDARD

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must

Report and Recommendation- 2

fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

## DISCUSSION

Plaintiff's failure to follow the rules and procedures needed to access the library precludes injunctive relief. As defendant notes in his response "Running a prison is an inordinately difficult undertaking . . . peculiarly within the province of the legislative and executive branches of government . . . . [S]eparation of powers concerns counsel a policy of judicial restraint." Turner v. Safley, 482 U.S. 78, 85 (1987) (Dkt. # 56, page 2).

Absent a clear constitutional violation, it is the Department of Corrections, and not the courts that make decisions on the day to day operations of the facility. The public interest does not favor allowing an inmate to reject or refuse to follow the rules. The court concludes that the motion for a temporary restraining order should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the

Report and Recommendation- 3

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 2, 2010**, as noted in the caption.

Dated this 5th day of March, 2010.

*/s/ J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge

Report and Recommendation- 4